Yang v. Lynch

BIA
A098 492 278

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

CHANG YANG,
*Petitioner,*

v.                                          15-155
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         John Chang, New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Blair T.
                        O'Connor, Assistant Director; John
                        F. Stanton, Trial Attorney, Office
                        of Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Yang, a native and citizen of the People's Republic of China, seeks review of a December 31, 2014, decision of the BIA denying her untimely motion to reopen proceedings. *In re Chang Yang,* No. A098 492 278 (B.I.A. Dec. 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Indisputably, Yang's August 2014 motion was untimely, as it was filed more than five years after the final

2

order of removal. This time limitation, however, does not apply to a motion to reopen in order to apply for asylum if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Substantial evidence supports the BIA's finding that Yang did not demonstrate changed circumstances from the time of her 2007 hearing. *See Jian Hui Shao*, 546 F.3d at 169; *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (B.I.A. 2007) (comparing conditions at the time of the hearing with those at the time of the motion to reopen).

Yang argues that the BIA ignored the country conditions evidence she submitted. Her argument is belied by the record: the BIA cited the evidence Yang submitted and summarized its relevant contents. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence" before it (internal quotation marks omitted)); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d

3

Cir. 2006) (the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Further, the evidence in the record regarding the treatment of members of unsanctioned Christian churches demonstrates that the BIA's determination that Yang failed to show a change in country conditions is supported by substantial evidence. To establish changed circumstances, Yang relies only on articles about the Chinese government's razing of a single government-registered church in her home province in 2014. Yang, however, claims to "believe only the Chinese underground churches are real churches" and bases her fear of persecution on her intent to join such a church when she returns to China. J.A. 906. As for those churches, the very articles on which Yang relies show that the churches "have been harassed for years." J.A. 961. This is supported by other record evidence showing that, in 2007, repression of Christians in China occurred in various regions and included threats, arrests, imprisonment, physical abuse, and destruction of church property.

Accordingly, as substantial evidence supports the BIA's finding that Yang did not show changed country conditions, the

4

BIA did not abuse its discretion by denying her motion as untimely. *See Jian Hui Shao*, 546 F.3d at 169. Because this finding is dispositive, we do not consider Yang's challenges to the BIA's additional determination that she did not show her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk